Charles G. Tierney, J.
Third-party defendants, American Film Productions, Inc., and AFP Distributors, Inc., move for dismissal of the third-party complaint upon the ground it fails to state a cause of action and upon the further ground a defense is founded upon documentary evidence. Plaintiff cross-moves for an order directing third-party defendants and defendants to appear for examination before trial and to produce records.
The action is brought to recover commissions earned from defendants lessors for introducing and procuring the moving third-party defendants as lessees. The amended complaint alleges that on and prior to September 14, 1967, defendants agreed to make payment to plaintiff for procuring lessees for the subject space and that pursuant thereto, plaintiff did introduce to and procured for defendants the moving third-party defendants as lessees. It is alleged in the amended complaint that plaintiff was the producing cause. In their answer and third-party complaint, defendants third-party plaintiffs deny that plaintiff brought about the transaction, but claim, in the event plaintiff succeeds, that in and prior to the month of March, 1966, the moving third-party defendants represented to defendants third-party plaintiffs that third-party defendant Robert Joseph and Company, Inc., was the sole procuring broker. Relying on such alleged misrepresentation, third-party plaintiffs claim that they did agree to pay said third-party defendant broker a brokerage commission, one half of which has already been paid.
The lessees contend that a claim of independent wrong of misrepresentation is not a proper subject for third-party action. It is not required that the claims of plaintiff and third-party plaintiffs be the same or be based on the same grounds. The third-party action may rest on an entirely separate contract of indemnity or upon a wrong springing from alleged misrepresentation, which would require the moving third-party defendants to respond in the event defendants third-party plaintiffs are held in damages.
The lessees urge, in any case, that the third-party complaint is without merit as demonstrated by documentary proof. The subject leased premises had been widely listed. Not wishing to be placed in a position of guaranteeing the identity of the producing broker, the lessees rejected a proposed lease provision by which 1 ‘ Tenant warrants and represents that Robert Joseph *378 and Company, Inc., 49 West 45th Street, New York, N. Y., is the broker who brought about this lease.” The provision which was finally adopted reads as follows: “ The parties hereto agree that Robert Joseph & Company, Inc., 49 West 45th Street, New York, New York, is the broker who brought about this Lease and Landlord agrees to pay such brokerage commission pursuant to a separate letter agreement. ’ ’
The lessees contend that the word ‘ ‘ agree ’ ’ cannot be interpreted to mean ‘ ‘ representation ’ ’, which is the legal effect they had sought to avoid.
It is conceded that except for the issue here involved- as to the identity of the procuring broker, the lessors are liable for payment of commissions. Thus, the lessees argue that this obligation cannot be shifted to them upon the basis of any such purported representation as is claimed here.
In all the circumstances it may well be that the aforesaid provision between lessor and lessee as to brokerage commission was the inducing cause of the alleged agreement to pay commissions to the other broker sued herein as a third-party defendant. The lessors were not in a position to secure protection as to the obligation to pay but only as to the party entitled to be paid. The agreement on the part of the lessors as to the fact of brokerage may well have been based on the superior knowledge of the lessees who were in a better position to know who it was that succeeded in procuring them as lessees. Whether the lessees, the moving third-party defendants, succeeded in insulating themselves against representation on this crucial point remains a fact issue.
The motion is denied and the cross motion is granted. Examinations of third-party defendants and defendants in that order respectively will proceed at Special Term, Part II of this court, on November 30,1967 at 10:00 a.m.